UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YOLANDA CONCEPCION | CIVIL ACTION |
| VERSUS | NO. 23-5066 |
| UNDERWRITERS AT LLOYD'S LONDON | SECTION M (4) |

# **ORDER & REASONS**

Before the Court is a motion for partial summary judgment filed by defendant Certain Underwriters at Lloyd's of London ("Certain Underwriters") seeking dismissal of plaintiff's bad-faith claim.[1] The motion is set for submission on May 29, 2025.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance May 21, 2025. Plaintiff Yolanda Concepcion, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 28.

[2] R. Doc. 28-16.

[3] This is an insurance coverage dispute arising out of damage that Concepcion's property in New Orleans, Louisiana, allegedly sustained during Hurricane Ida, which made landfall on August 29, 2021. R. Doc. 1-1 at 7-8. At the time the hurricane made landfall, Concepcion's property was covered by an insurance policy issued by Certain Underwriters. *Id*. at 8. Concepcion filed this suit in state court, alleging breach-of-contract and bad-faith claims against Certain Underwriters. *Id*. at 7-16. Certain Underwriters removed the suit to this Court, asserting diversity subject-matter jurisdiction. R. Doc. 1 at 1. Certain Underwriters move for partial summary judgment on Concepcion's bad-faith claim, arguing that they timely adjusted Concepcion's loss, timely paid undisputed amounts, continued to adjust the claim after Concepcion submitted a report from a public adjustor, and finally properly denied the claim after their consulting engineer found no additional hurricane-related damage. R. Doc. 28. Certain Underwriters contend that Concepcion has not produced any evidence to sustain her burden of proving that Certain Underwriters' denial of the claim was arbitrary and capricious. *Id.* "In order to establish a cause of action for penalties and/or attorney fees and costs under [La. R.S. 22:1892, formerly] La. R.S. 22:658, a claimant must show that (1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause." *Guillory v. Lee*, 16 So. 3d 1104, 1126 (La. 2009). Similarly, La. R.S. 22:1973, before its repeal in 2024, authorized an award of penalties when an insurer's failure to pay a claim within 60 days after the receipt of a satisfactory proof of loss was "arbitrary, capricious, or without probable cause." The prohibited conduct in each statute is virtually identical with the primary difference

IT IS ORDERED that Certain Underwriters' motion for partial summary judgment (R. Doc. 28) is GRANTED, and Concepcion's bad-faith claim is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 22nd day of May, 2025.

                                                                      BARRY W. ASHE
                                                                       UNITED STATES DISTRICT JUDGE

---

being a 30- or 60-day period for payment of claims. *Calogero v. Safeway Ins. Co.*, 753 So. 2d 170, 174 (La. 2000). "The phrase 'arbitrary, capricious, or without probable cause' is synonymous with 'vexatious,' and a 'vexatious refusal to pay' means 'unjustified, without reasonable or probable cause or excuse.'" *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1114 (La. 2008) (quoting *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003)). "[A]n insurer must pay any undisputed amount over which reasonable minds could not differ." *Dupree v. Lafayette Ins. Co.*, 51 So. 3d 673, 698 (La. 2010). "[W]hen there is a 'reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist.'" *La. Bag*, 999 So. 2d at 1114 (quoting *Reed*, 857 So. 2d at 1021); *see also Kodrin v. State Farm Fire & Cas. Co.*, 314 F. App'x 671, 679 (5th Cir. 2009) ("An insurer does not act arbitrarily or capriciously when its refusal to pay a claim is based on a genuine dispute over coverage or the amount of the loss."); *Brown v. State Farm Mut. Auto. Ins. Co.*, 93 So. 3d 697, 702 (La. App. 2012) (affirming summary judgment that an insurer did not act in bad faith by refusing to "pay a disputed amount in a claim for which there are substantial, reasonable and legitimate questions as to the extent of the insurer's liability or of the insured's loss"); *Jones v. Gov't Emps. Ins. Co.*, 220 So. 3d 915, 924 (La. App. 2017) (affirming summary judgment that insurer did not act arbitrarily and capriciously in delaying payout of disputed claim, and observing: "It is settled law that when an insurer has a reasonable basis for defending a claim and acts in good-faith reliance on that defense, statutory penalties are inappropriate."); *Bell v. Steckler*, 285 So. 3d 561, 571-72 (La. App. 2019) (affirming summary judgment dismissing bad-faith claim against insurer for lack of evidence that the insurer acted vexatiously or that there was no valid dispute as to coverage). A plaintiff bears the burden of showing that an insurer acted in bad faith. *Guillory*, 16 So. 3d at 1126-27. Here, Concepcion has presented no evidence that Certain Underwriters acted in bad faith, and thus, Certain Underwriters are entitled to summary judgment dismissing those claims.